**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4424**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KATRINA RASUL, a/k/a Trinka,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:09-cr-00024-F-2)

Submitted:  October 13, 2011          Decided:  October 26, 2011

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katrina Rasul appeals the judgment revoking her supervised release and sentencing her to twenty-four months' imprisonment. Rasul claims her sentence is procedurally unreasonable because the district court did not address Rasul's history of serious mental illness and her desire to receive psychiatric treatment. Finding no error, we affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). This court first considers whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guideline sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (applying same standard of review for probation revocation as for supervised release revocation) (internal quotation marks omitted). This court should affirm if the sentence is not unreasonable. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is *plainly* unreasonable." Id.

In reviewing for reasonableness, this court "follow[s] generally the procedural and substantive considerations that

2

[are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39 (alterations added) (internal citatation omitted). A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors that it is permitted to consider. See 18 U.S.C.A. § 3583(e); Crudup, 461 F.3d at 438-40. Relevant factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(1), and the need for the sentence "to afford adequate deterrence to criminal conduct, . . . protect the public from further crimes of the defendant, . . . [and] provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." 18 U.S.C.A. §§ 3553(a)(2)(B)-(D). A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. The district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to

the statutory maximum." Id. at 439 (internal quotation marks omitted).

We conclude that the sentence was both procedurally and substantively reasonable. The district court considered the Chapter Seven policy statements and the appropriate sentencing factors. Rasul did not seek a lower sentence based on her need for mental health treatment. Nor did she seek a particular sentence based on the sentencing factors. While counsel made a reference to Rasul having received mental health treatment while previously incarcerated and her desire to receive additional treatment, counsel made no statements regarding why Rasul needed such treatment and why the court should order a sentence of a particular length because of the need for treatment.[*]

Finding no procedural or substantive error in Rasul's sentence, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that the Bureau of Prisons is authorized by statute to provide for Rasul's safekeeping and care. See 18 U.S.C. § 4042(a)(2) (2006). Rasul may give her consent to psychiatric treatment at an appropriate facility or to receiving psychiatric medications if the medical staff makes a determination that such care or treatment is needed. See 28 C.F.R. § 549.44(a), (b) (2011).

4